Walters v. Glats.

---

## WALTERS v. GLATS.

**Estray : WHAT IS : REPLEVIN.** An estray is an animal whose owner is unknown. It is accordingly *held*, that a person cannot under the statute relating to estrays, take up an animal found upon his unfenced premises, whose owner is known to him ; and the owner of the animal may in such case, bring replevin for it without first tendering to the person taking the animal up, the costs and expenses incurred by him in respect thereto.

*Appeal from Marshall District Court.*

WEDNESDAY, AUGUST 31.

*Replevin for span of mules*, before the issues joined, and under the testimony, the court found the following facts :

The parties reside in Marshall county, and plaintiff was the owner of the mules, on the 14th day of Nov., 1868, and still is. These mules were work animals. Defendant was a householder on the day named, and then took up these animals as estrays in his field, in said county. This field was not enclosed by a lawful fence. The mules, with other animals, had run upon the adjacent lands, more or less, during the preceding summer. They had frequently been in this field, and defendant knew when he took them up, that they were plaintiffs. Defendant had the prop-

erty appraised, &c., as required by law, in case of estrays. Plaintiff made demand upon bringing suit, but did not tender costs and expenses.

The court found that the property was lawfully in defendant's premises, that he had a right to take them up as estrays, and that he was entitled to the same, until paid proper costs and damages. That these costs, &c., were so much, for which he received payment. Plaintiff excepted and appeals.

*Bradshaw Bros. & Williams*, for appellant.

*Street & Trub*, for appellee.

WRIGHT. J. Upon the facts found, the judgment should have been for plaintiff.

As defendant did not have a lawful fence, there can be no pretence that he could distrain the mules as trespassing animals. Indeed, the judgment of the court below, is not placed upon this ground, but upon defendant's right to hold the property, under the estray laws of the state. The statute is, that an unbroken animal shall not be taken between the first days of May and Nov., unless found within the lawful enclosure of the party taking it up, and that if any horse, mule, &c., *liable to be taken up*, come upon any person's premises, any other person may notify him of the fact, and if he fail to take up such estray, for more than five days after such notice, any other householder in the same township may take up such estray, and proceed as if upon his own premises. (Laws of 1862, ch. 102, secs. 1 and 2, 182.)

These animals were broken, and the only question is whether they were *liable to be taken up*. We answer certainly, not by defendant, for he knew their owner. They were upon the adjoining common with other animals during the summer feeding, had frequently been

Walters v. Glats.

on this field, and to him they could not be in any legal sense straying from their owner. The words "liable to be taken up," must be construed in connection with other parts of the law, and its object and purpose. If my neighbor's horse, known to me as well as my own property comes upon my premises, he is not *liable to be taken up by me*, for as to me he is not an estray. And yet, that same horse going upon premises where he was not known, might, as to such stranger, be an estray. The fact of *coming upon the premises*, is not alone sufficient to warrant the taking up, but the animal must be an estray, that is an animal "when owner is unknown," at least to the taker up. Any animal is *liable* to be taken up, but not unless it is estray, and if known to the taker up, it is a wonderful perversion of language to speak of, or treat it as a "beast wandering or without an owner, one wandering at large or lost, or whose owner is unknown." And yet, this is what is meant by an estray. The word itself implies this, and all the provisions of the law, requiring *notice* by printing and in the newspaper, are made thus unless, if any one may take up his neighbor's horse, the ownership being well known, because found upon the premises. The given object of the notice is to find the owner, and yet why this when the owner is already known.

The act of 1864, ch. 65, p. 72, "to prohibit certain male animals from running at large," allows their distraint, as well where the owner is *known*, as where he is *unknown*. Such animals are not free commoners, and if found at large, they may at once be distrained; not so, however, with other animals. They may lawfully run at large, their owners being liable for trespass, upon provisions lawfully ordered. They may also be taken up as strays, but not by one *knowing the owner*, as in case of such animals running at large.

In support of these propositions, certainly plain in them-

selves, see Jacob's Law Dict. (Tit. Entry.)    Any valuable
animal, not wild, found within a township and whose owner
is not known, (" *Estrays* cattle  when owner  is unknown,"
2 Kent, 359.)  If one finds and takes care of another's prop-
erty not being entitled to it by  an estray,  the owner may
recover it, or its value,  without  paying  the expenses of
keeping, (2 Beach's Rep. 1117.)   It was to lower the temp-
tations to thefts, or to  prevent one  from pretending that
he had found that *what was never lost*, that the property
upon the proclamation was at the  certain  land  given  to
the King or his  grantee,  and  not to the  finder,  all very
clearly. showing that there can be nothing *lost*, where the
owner is known.   And the person allowing others after
notice to the owner of the premises, to take up the prop-
erty, very clearly shows that it is not in the nature of a
distress for the  injury, but a  proceeding against property
entry or non-relieving from its owner.

                                                 