## KINNEY v. ROE.

1. **Estray**: STOLEN ANIMAL AT LARGE: TITLE UNDER ESTRAY LAWS. The fact that a horse found running at large has escaped from or been turned loose by a thief, will not prevent one who distrains him, and complies with the provisions of the statute concerning estrays, from acquiring a good title to him, in due time, under the estray laws; and another may purchase the title so acquired, and hold the horse against the one from whom he was stolen, even though he has been notified by the latter that the horse was stolen from him, and that he would claim him.

*Appeal from Cherokee Circuit Court.*

WEDNESDAY, DECEMBER 22.

THIS is an action of replevin for a horse. There was a demurrer to the answer, which was sustained, and defendant appeals. The facts appear in the opinion.

*E. C. Herrick*, for appellant.

*Argo & Kelly*, for appellee.

ROTHROCK, J.—The facts, as they appear in the answer, are, in substance, as follows: The horse in question was stolen from the plaintiff, in Sioux county, on the thirteenth day of July, 1882. Two days afterwards the animal was found by one John Velin wandering at large upon his farm in Cherokee county, without being in the possession or under the control of any one, and the owner was unknown to Velin. He took the animal up as an estray, and proceeded to give the proper estray notices under the statute, and in good faith followed all the requirements of the statute relating to estrays. No one appeared to claim ownership of the animal for more than eighteen months after the same was taken up as an estray; and Velin, believing that he had good title thereto under the estray laws, sold the horse to the defendant. The defendant was notified by the plaintiff, before he bought the animal of him, that he (plaintiff)

claimed to be the owner, and that the same had been stolen from him; but the defendant, believing that Velin was the legal owner, disregarded the notice, and made the purchase. Under this state of facts, the court below determined that Velin acquired no title to the property under the estray laws.

The notice given to the defendant, before his purchase of Velin, that the plaintiff claimed the horse, is material only in the event that Velin did not acquire title by the proceedings under the estray law. If he acquired title, he had the right to sell, and defendant had the right to purchase, regardless of a notice of another claimant of the property. As our examination of the case has led us to the conclusion that Velin was the owner at the time of the sale, no further attention need be given to this question.

The question the determination of which we deem conclusive of the rights of the parties is, whether an animal stolen from the owner, and afterwards abandoned by the thief, may lawfully be treated as an estray. An estray is " any valuable animal, not wild, found wandering from its owner;" (Webst. Dict.;) "cattle whose owner is unknown;" (2 Comm. Kent, 359;) " any beast, not wild, found within any lordship, and not owned by any man." (1 Bl. Comm., 297.) " If the owners of distrained stock are not known, it shall be treated as estray." Code, § 1456. An estray is a beast wandering or without an owner; one wandering at large, or lost, or whose owner is unknown. *Walters v. Glats*, 29 Iowa, 439. Under these definitions, and more especially the definition given by our statute and by this court, it is plainly immaterial how the animal escaped from the owner,—whether by his voluntary act, by the act of a trespasser upon his premises, or by a thief. It is true that a thief can confer no title to the stolen property. But the same may be said of a bailee; and, if a bailee were to abandon an animal, surely it would be subject to the estray laws. So, if a trespasser should open a gate or a stable door, and a horse should escape, it

would be subject to be dealt with as an estray. And, in all these supposed cases, the negligence of the owner, or his act in abandoning the property, is no more involved than in the case where property is stolen. The true test, and the only test, is that the animal should be wandering and that the owner be unknown to the person who takes it up as an estray.

Something is said by counsel for appellee to the effect that, if the estray laws of this state be applied to stolen property, they are unconstitutional, as depriving the citizen of his property without due process of law. We are not disposed to enter upon a discussion of that question upon the argument presented. As at present advised, we think that proceedings *in rem* against lost goods and property, and against estray animals and against unknown owners of property, have been too long sanctioned to be now called in question.

We think the demurrer should have been overruled.

REVERSED.